UNITED STATES, Appellee

v.

Jerry A. GARNER, Gunnery Sergeant
U.S. Marine Corps, Appellant

No. 09-0729

Crim. App. No. 200800481

United States Court of Appeals for the Armed Forces

Argued April 21, 2010

Decided May 24, 2010

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


<u>Counsel</u>


For Appellant:  Lieutenant Commander <u>Thomas P. Belsky</u>, JAGC, USN
(argued); <u>Rebecca S. Snyder</u>, Esq. (on brief).


For Appellee:  Captain <u>Robert E. Eckert Jr.</u>, USMC (argued);
<u>Brian K. Keller</u>, Esq.



Military Judge:  R. H. Kohlman


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Garner, No. 09-0729/MC

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of attempting to communicate indecent language to a child under the age of sixteen years and of attempting to persuade, entice, and induce a minor to engage in intercourse and oral sodomy, in violation of Articles 80 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 934 (2006).  The sentence adjudged by the court-martial and approved by the convening authority included a dishonorable discharge, confinement for twelve months, and reduction to pay grade E-1.  The United States Navy-Marine Corps Court of Criminal Appeals affirmed.  United States v. Garner, 67 M.J. 734, 741 (N-M. Ct. Crim. App. 2009).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE COURT OF CRIMINAL APPEALS ERRED IN
> AFFIRMING APPELLANT'S CONVICTION FOR ATTEMPTING TO
> ENTICE A MINOR TO ENGAGE IN ILLEGAL SEXUAL ACTIVITY,
> IN VIOLATION OF 18 U.S.C. § 2422(b), WHERE THE RECORD
> OF TRIAL FAILED TO SHOW THAT APPELLANT TOOK THE
> "SUBSTANTIAL STEP" NECESSARY FOR AN ATTEMPT CONVICTION
> UNDER THE STATUTE.

For the reasons set forth below, we affirm.

## I.  BACKGROUND

In a stipulation of fact, Appellant admitted to engaging in numerous online conversations in an Internet chat room with an

2

individual using the name "Molly." Appellant, who was then stationed at Camp Lejeune, believed that he was communicating with a fourteen-year-old girl residing in Greensboro, North Carolina. In reality, "Molly" was an undercover police officer.

Appellant communicated online with "Molly" at various times, totaling approximately seventeen hours. During their online exchanges, Appellant engaged in sexually explicit communications. In the course of expressing an interest in engaging in sexual activities with "Molly," he described specific sexual acts. In addition, he transmitted a webcam video to "Molly" showing himself in the act of masturbation. The conversations alluded to meetings for the purpose of engaging in sexual activity, but Appellant did not make specific arrangements for such meetings.

Appellant's conduct resulted in charges under Article 134, UCMJ, for attempting to violate 18 U.S.C. § 2422(b) (2006). Section 2422(b) criminalizes use of the Internet to knowingly persuade, induce, entice, or coerce any individual under the age of eighteen to engage in "any sexual activity for which any person can be charged with a criminal offense, or attempts to do so."

In the course of evaluating the providence of Appellant's plea to this offense, the military judge explained each element of this offense to the accused. When describing the attempt

aspect of the offense, the military judge stated that an attempt required proof that the "act of using the Internet amounted to more than mere preparation; that is, it was a substantial step and a direct movement toward the commission of the intended offense of enticing or persuading a minor to engage in illegal sexual [activity]." The military judge defined a "substantial step" as "one that is strongly corrobative of your criminal intent and is indicative of your resolve to commit the offense."

In response to the questions that the military judge posed during the plea inquiry, Appellant explained that his online conversations amounted to an effort to persuade "Molly" to engage in sexual activity because he "was talking to her about sex, different sexual acts, and asking her to do different sexual things. Asking her what type of sexual things that she would like, if she would like to do them with me . . . ." In addition, Appellant acknowledged that the online conversations included some discussion about meeting to engage in the sexual activity. Appellant specifically addressed his intent in engaging in sexually explicit conversations with "Molly." He stated that he intended to attempt to persuade, entice, or induce her to engage in sexual activity and that he knew that the online conversations might reasonably have the effect of inducing her to engage in sexual activity.

4

The military judge and Appellant engaged in the following colloquy with respect to the purpose of his sending "Molly" a sexually explicit video of himself:

MJ:  And why did you send that?

ACC:  Trying to get the person at the other end turned on, sir.

MJ:  And was that part of the --

ACC:  That was part of the enticing and persuading, sir.

In the context of discussing the substantial step aspect necessary for an attempt conviction, Appellant affirmed his belief:  (1) that his actions were "more than mere preparatory steps towards completing that offense of enticing or persuading ["Molly"] to engage in sexual activity;" and (2) that his attempts would have been successful but for the fact that "Molly" was not a real person.


## II.  DISCUSSION

When considering a conviction pursuant to a guilty plea, this Court reviews the military judge's decision to accept the plea for an abuse of discretion.  United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008).  In doing so, this Court applies the "substantial basis test, looking at whether there is something in the record of trial, with regard to the factual

basis or the law, that would raise a substantial question regarding the appellant's guilty plea."   Id.

Appellant contends that his plea to the attempt offense was improvident as a matter of law because he did not take a "substantial step" towards completing the offense.  According to Appellant, the "substantial step" test, when applied to an attempt to commit an offense under § 2422(b), requires a specific arrangement for an actual rendezvous with the purported minor.  In Appellant's view, in the absence of such an arrangement, his conversations with "Molly" could have simply constituted "fantasy role playing."

Appellant relies on United States v. Gladish, 536 F.3d 646, 650 (7th Cir. 2008), in which the Seventh Circuit concluded that the "substantial step" requirement of § 2422(b) was not satisfied where there was no evidence that the defendant intended to travel to meet the purported minor or to actually engage in sexual activity with her.  The Government responds that this Court should rely on United States v. Goetzke, 494 F.3d 1231 (9th Cir. 2007).  In Goetzke, the Ninth Circuit rejected the argument that specific travel arrangements were necessary to establish a substantial step.  The court concluded that the defendant, by sending sexually explicit letters proposing a future meeting to a minor with whom he had prior contact, had engaged in "grooming behavior," which was

6

sufficient to meet the substantial step requirement.  Id. at 1236-37.  In the present case, the Court of Criminal Appeals cited Goetzke in the course of describing Appellant's actions as "grooming behavior" sufficient to constitute a substantial step. Garner, 67 M.J. at 738-39.

The present case does not require us to rely on either Gladish or Goetzke, nor does it require us to address the lower court's interpretation of those cases.  In contrast to those contested cases, the case before us involves a guilty plea, with a detailed plea inquiry in which Appellant admitted that he intended to persuade, entice, or induce "Molly" into sexual activity.  The military judge correctly advised Appellant on the definition of a "substantial step."  See United States v. Byrd, 24 M.J. 286, 290 (C.M.A. 1987).  Appellant specifically explained that his communications to "Molly" were designed to induce her to engage in sexual activity, and he admitted that those actions constituted more than mere preparatory steps.  He further acknowledged that in sending "Molly" a sexually explicit video of himself, he sought to persuade or entice her to engage in sexual activity.  In light of these admissions at trial, the record does not support his contention on appeal that his conduct could have been considered "fantasy role play."  As this Court has explained:

United States v. Garner, No. 09-0729/MC

> Quite simply, where an accused pleads guilty and during the providence inquiry admits that he went beyond mere preparation and points to a particular action that satisfies himself on this point, it is neither legally nor logically well-founded to say that actions that may be ambiguous on this point fall short of the line "as a matter of law" so as to be substantially inconsistent with the guilty plea.

United States v. Schoof, 37 M.J. 96, 103 (C.M.A. 1993) (citation omitted).

In light of Appellant's own admissions during the providence inquiry, we conclude that the military judge did not abuse his discretion in accepting the plea. In that posture, we need not address the parameters of an attempt offense under § 2422(b) where the record does not contain such admissions.

### III. CONCLUSION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.