UNITED STATES, Appellant/Cross-Appellee

v.

Nicholas R. SCHELL, Sergeant
U.S. Army, Appellee/Cross-Appellant

No. 13-5001

Crim. App. No. 20110264

United States Court of Appeals for the Armed Forces

Argued April 15, 2013

Decided July 8, 2013

STUCKY, J., delivered the opinion of the Court, in which BAKER, C.J., ERDMANN and RYAN, JJ., and EFFRON, S.J., joined.


Counsel


For Appellant/Cross-Appellee:  Major Daniel D. Maurer (argued); Lieutenant Colonel Amber J. Roach, Major Katherine S. Gowel, and Captain Chad M. Fisher (on brief).


For Appellee/Cross-Appellant:  Captain Brandon H. Iriye (argued); Colonel Patricia A. Ham, Lieutenant Colonel Imogene M. Jamison, and Major Jaired D. Stallard (on brief); Lieutenant Colonel Jonathan F. Potter.


Military Judge:  Susan K. Arnold


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge STUCKY delivered the opinion of the Court.

The Judge Advocate General of the Army certified two issues to this Court:  (1) whether the United States Army Court of Criminal Appeals (CCA) erred in holding that attempted persuasion, inducement, or enticement of a minor to engage in sexual activity under 18 U.S.C. § 2422(b) (2006), requires that an accused "must intend that the minor, ultimately, actually engage in illegal sexual activity as a result of his persuasion, inducement, or enticement"; and (2) whether the accused's unsworn statement during sentencing that he "never intended to do anything" with the minor was inconsistent with his guilty plea.  We also granted review of a related plea issue -- whether the accused's plea was improvident because the military judge failed to discuss that an attempt under § 2422(b) requires a substantial step toward the commission of the underlying substantive offense.

We hold that the CCA erred in interpreting the intent requirement of § 2422(b), and that the accused's unsworn statement was therefore consistent with his guilty plea. However, we hold that the military judge's failure to discuss the substantial step requirement with the accused provides a substantial basis in law to question his plea.

## I.  Procedural History

Consistent with his pleas, Appellee/Cross-Appellant (Schell) was convicted by a military judge sitting alone as a general court-martial of one specification each of attempted indecent language and attempted indecent acts in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880 (2006).  He also pled guilty to and was convicted of one specification of attempted persuasion, inducement, or enticement of a minor to engage in sexual activity under § 2422(b), pursuant to clause 3 of Article 134, UCMJ, 10 U.S.C. § 934 (2006).  The military judge sentenced him to a bad-conduct discharge, eighteen months of confinement, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.  Pursuant to a pretrial agreement, the convening authority reduced confinement to thirteen months but otherwise approved the findings and sentence.  The CCA set aside the findings of guilty as to the § 2422(b) offense (Charge II and its specification), and authorized a rehearing on Charge II and the sentence, or a rehearing only on the sentence.  United States v. Schell, 71 M.J. 574, 582–83 (A. Ct. Crim. App. 2012) (en banc).

## II.  Background

### A.  Facts

In March 2010 Schell engaged in graphic Internet chats with "Taylor" -- an individual Schell believed to be a fourteen-year-

3

old girl, but who was actually a Johnson County, Kansas, police detective. During the chats Schell asked "Taylor" about her sexual history, discussed sexual intercourse with her, described what he wanted to do with her sexually, asked if she would participate in sexual activity with his girlfriend and him, and suggested that her friends might also want to join in the sexual activity. In order to entice "Taylor" to engage in sexual activity with his girlfriend and him, Schell described his girlfriend's physical attributes and sexual tendencies. He also sent "Taylor" photos of his erect penis hoping that she would send him graphic photos in return.

After assurances from "Taylor" that they would not get in trouble, Schell set up a time and place to meet with her for the purpose of engaging in sexual activity. Schell later cancelled the planned meeting, citing timing issues and his worry that his girlfriend would get mad. He told "Taylor" "not tonight maybe another day." Although police waited several months for Schell to reinitiate contact with "Taylor," he never did.

### B. Court-Martial

The Government charged the offense as follows:

Charge II: Violation of the UCMJ, Article 134

SPECIFICATION: In that [Schell], U.S. Army, did, at or near Fort Leavenworth, Kansas, on or between 17 March 2010 and 18 March 2010, knowingly attempt to persuade, induce or entice an individual known to him by the screen name "joco_cheer_girl" and given name "Taylor

4

Ackles," a person [Schell] believed to be less than 18 years of age, by means or facility of interstate commerce, to wit:  the internet, to engage in sexual activity which, if undertaken, would constitute a criminal offense under Article 120 of the Uniform Code of Military Justice, in violation of 18 U.S. Code Section 2422(b) which conduct was of a nature to bring discredit upon the armed forces.

At the plea inquiry, the military judge began by explaining the elements of the two Article 80, UCMJ, specifications.  First, the military judge defined the elements of indecent language, and informed Schell that in order to commit the offense of attempted indecent language under Article 80, UCMJ, his conduct would have to amount to more than mere preparation -- that he would have had to take a substantial step toward the commission of the intended offense.  The military judge defined "preparation" and "substantial step."  The military judge then turned to the attempted indecent acts specification and described the elements of the offense.  The military judge defined "preparation" again, but Schell declined the military judge's offer to repeat the definition of "substantial step" for this offense.

For the Article 134, UCMJ, enticement charge, the military judge listed the elements as:  (1) "[Schell] knowingly attempted to persuade, induce, or entice" "Taylor" believing that she was under eighteen years of age; (2) "which if undertaken would constitute a criminal offense under Article 120 of the Uniform

Code of Military Justice" and § 2422(b); (3) "by means of or a facility of interstate commerce, in this case the internet"; and (4) which under the circumstances "was of a nature to bring discredit upon the armed forces." The military judge did not inform Schell that in order to constitute an attempt under § 2422(b), he would have had to take a substantial step toward the commission of the underlying offense. Both parties indicated that they had no issues with the elements or definitions given by the military judge.

Schell stated he was guilty of the enticement offense because the messages and photos were "steps" to persuade "Taylor" to engage in sexual acts with him and possibly other individuals. He agreed that the Internet is a means of interstate commerce, and admitted that his conduct would have constituted an offense under Article 120, UCMJ, if "Taylor" had been a fourteen-year-old girl and he had engaged in sexual activity with her. He also agreed that his conduct violated § 2422(b). Finally, he agreed that his conduct was service discrediting because it would harm the reputation of the military. Neither side believed any further inquiry into Schell's conduct was required. The military judge found Schell guilty of all three specifications.

During sentencing, defense counsel pointed out that Schell never left Fort Leavenworth to meet "Taylor," and that Schell

6

never actually intended to meet with "Taylor" or initiated contact with her after he told her he was not coming to her house. In his unsworn statement, Schell echoed that he never actually intended to act on their discussions. Based upon Schell and defense counsel's sentencing arguments, the military judge said it was probably "prudent" to ensure that Schell and his counsel understood that the enticement offense was complete, even if Schell did not leave Fort Leavenworth to meet with "Taylor." Schell's counsel agreed that the offense was complete -- "there is case law that does not require a substantial step moving forward to actually commit the offense for which he was enticing for, just that he intended to entice them to commit the offense." The Government and Schell agreed.

### C. CCA Opinion

The CCA specified three issues, including whether Schell raised a matter inconsistent with his plea during his unsworn statement. Schell, 71 M.J. at 575. Schell also filed a supplemental assignment of error asserting that the military judge failed to sufficiently discuss the substantial step requirement for the enticement offense. Id.

A divided court, en banc, set aside the enticement offense, holding "that the intent element of attempted persuasion, inducement, or enticement requires the accused intend to actually persuade, induce, or entice a minor to actually engage

7

in illegal sexual activity." Id. at 578-79. In reaching this holding, the majority heavily relied on the legislative history of § 2422(b) reasoning that the statute was intended to address individuals "who lure children out to actually engage in illegal sexual activity" as opposed to those "who simply encourage or incite children to assent to the possibility of illegal sex." Id. at 579. The majority concluded "that appellant's unsworn statements made during the sentencing phase of his court-martial, denying that he ever had any intent to do anything with the minor, set up matter inconsistent with his plea requiring disapproval of that finding of guilty in this case." Id. The majority did not reach the substantial step providency issue.

The dissenting judges argued that the majority's reasoning was contrary to the plain language of the statute, and proposed adopting the federal circuits' approach to interpreting § 2422(b) -- "[we] 'reject the . . . thesis that section 2422(b) should be interpreted to include, as an additional element of the offense, an intent that the underlying sexual activity actually take place.'" Id. at 583-84 (Haight, J., joined by Ayres, C.J., Cook, S.J., and Gallagher, J., dissenting) (quoting United States v. Dwinells, 508 F.3d 63, 65 (1st Cir. 2007)). They also argued that this Court's precedent supported their interpretation. Id. at 584-85 (citing United States v. Brooks, 60 M.J. 495, 498 (C.A.A.F. 2005); United States v. Winckelmann,

70 M.J. 403, 407 n.4 (C.A.A.F. 2011); United States v. Garner, 67 M.J. 734, 738 (N-M. Ct. Crim. App. 2009), aff'd, 69 M.J. 31 (C.A.A.F. 2010)).  Under their interpretation of the intent requirement, the dissenting judges believed that the conviction should stand because Schell admitted intending to entice "Taylor," and his unsworn statement only contradicted whether he intended to actually engage in sex with her, not whether he intended to entice her.  Id. at 585.

### III.  Certified Issue I

#### A.  The Law

This Court reviews questions of law arising from a guilty plea de novo.  United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008).

18 U.S.C. § 2422(b) reads:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Unless the text of a statute is ambiguous, "the plain language of a statute will control unless it leads to an absurd result."  United States v. King, 71 M.J. 50, 52 (C.A.A.F. 2012); see also United States v. McCollum, 58 M.J. 323, 340 (C.A.A.F.

9

2003) ("In construing the language of a statute or rule, it is generally understood that the words should be given their common and approved usage." (citation and internal quotation marks omitted)).

### B. Parties' Arguments

The Government argues that § 2422(b) is unambiguous and therefore the CCA incorrectly relied on legislative history to interpret the statute. It also argues that the CCA opinion is inconsistent with this Court's precedent, and contradicts well-settled uniformity among the federal circuits.

Schell's arguments mirror the CCA opinion. First, he argues the plain language of the statute requires that an accused must have a specific intent to have the minor actually engage in illegal sexual activity.

Second, he argues that the legislative history of § 2422(b) supports the CCA's interpretation. In drafting § 2422(b) Congress contemplated, but decided against, prohibiting contact or attempts to contact minors via the Internet for the purposes of engaging in sexual activity -- the "contact amendment." H.R. Rep. No. 105–557, at 687 (1998). Schell argues Congress rejected the contact amendment because it would have essentially created a thought crime. Schell equates the Government's interpretation of § 2422(b) with the failed contact amendment

10

and urges this Court to follow Congress's lead and reject the Government's interpretation.

Third, Schell believes that the CCA's opinion is not inconsistent with this Court's Winckelmann, Brooks, and Garner opinions because those opinions did not explicitly address § 2422(b)'s intent requirement.

Finally, Schell downplays the uniformity of the federal circuits on this issue. He argues that the law encompassing the intent requirement continues to evolve in the federal circuits, and points out that at least one federal circuit has recently adopted the same intent requirement as the CCA. See United States v. Lebowitz, 676 F.3d 1000, 1013 (11th Cir. 2012) ("the Government [must] prove beyond a reasonable doubt that Lebowitz intended to engage in criminal sexual activity with [a minor]").

### C. Analysis

As a threshold matter, we believe that the plain language of § 2422(b) is unambiguous.[1] Contrary to the CCA's holding,

---

[1] The terms "entice," "induce," and "persuade" are not statutorily defined. Therefore we accord them their ordinary meaning. United States v. Falk, 50 M.J. 385, 390 (C.A.A.F. 1999). In ordinary usage, they are effectively synonymous -- "'the idea conveyed is of one person leading or moving another by persuasion or influence, as to some action [or] state of mind.'" United States v. Engle, 676 F.3d 405, 411 n.3 (4th Cir. 2012) (alteration in original) (quoting United States v. Broxmeyer, 616 F.3d 120, 125 (2d Cir. 2010)); see also Black's Law Dictionary 611, 845, 1260 (9th ed. 2009) (defining "entice" as "[t]o lure or induce; esp., to wrongfully solicit (a person) to do something"; "inducement" as "[t]he act or process of

nothing in the plain language of § 2422(b) indicates that an accused must "intend to actually persuade, induce, or entice a minor to actually engage in illegal sexual activity." Compare Schell 71 M.J. at 578–79 (emphasis added), with 18 U.S.C. § 2422(b) (2006).

Even if we were to view § 2422(b) as ambiguous, Schell's characterization of the legislative history is unpersuasive. The legislative history indicates that Congress intended the statute "to address those who lure children out to actually engage in illegal sexual activity," Schell, 71 M.J. at 579, but also to more broadly "protect children and families from online harm." H.R. Rep. No. 104-458 (1996); H.R. Rep. No. 104-652, § 508, at 1130 (1996) (Conf. Rep.). There is nothing in the legislative history suggesting that an accused had to intend to actually engage in a sexual crime. H.R. Rep. No. 104-652, § 508, at 1130 ("Section 508 would amend [§ 2422(b)] to prohibit the use of a facility of interstate commerce . . . for the purpose of luring, enticing or coercing a minor into prostitution or a sexual crime for which a person could be held criminally liable, or attempt to do so.").

Furthermore, we do not find Schell's reliance on the failed contact amendment compelling. See United States v. Craft, 535

enticing or persuading another person to take a certain course of action"; and "persuade" as "induc[ing] (another) to do something").

12

U.S. 274, 287 (2002) ("Failed legislative proposals are 'a particularly dangerous ground on which to rest an interpretation of a prior statute.'" (citation omitted)).  To establish an attempt under § 2422(b), we have held that the Government must prove that an accused:  (1) had the intent to commit the substantive offense; and (2) took a substantial step toward persuading, inducing, enticing or coercing a minor to engage in illegal sexual activity.  Brooks, 60 M.J. at 498–99; Winckelmann, 70 M.J. at 407; see also Manual for Courts-Martial, United States (MCM) pt. IV, paras. 4.a.(a), 4.c.(1) (2008 ed.).[2] This second element -- the substantial step requirement -- ensures that mere thought crimes are not prosecuted.

Schell is correct that this Court has not directly addressed the intent requirement of § 2422(b).  However, the opinions in Winckelmann, Brooks, and Garner support the Government's interpretation of § 2422(b).  See Winckelmann, 70 M.J. at 407 n.4 (addressing what constitutes a substantial step under § 2422(b) and noting that "the military judge incorrectly instructed the members that the substantial step must be toward

---

[2] Other federal circuits require the same for an attempt under § 2422(b).  See, e.g., United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004) ("[T]he government need only prove (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense."); United States v. Young, 613 F.3d 735, 742 (8th Cir. 2010); United States v. Barlow, 568 F.3d 215, 219 (5th Cir. 2009); United States v. Brand, 467 F.3d 179, 202 (2d Cir. 2006).

actually engaging in sexual activity rather than a substantial step towards enticement alone"); Brooks, 60 M.J. at 498 (citing federal circuit precedent indicating "that a conviction under § 2422(b) does not require a defendant to attempt an actual sexual act"); Garner, 67 M.J. at 738 ("an accused need not intend that the underlying sexual activity actually take place but only that the accused intend[ed] to persuade a minor to engage in such activity), aff'd, 69 M.J. 31, 33 (C.A.A.F. 2010) (affirming a § 2422(b) conviction on the grounds that the record contained the required guilty plea admissions by the accused).

Additionally, although not binding on this Court, nearly every federal circuit disagrees with the CCA's interpretation of § 2422(b)'s intent requirement. See, e.g., United States v. Berk, 652 F.3d 132, 140 (1st Cir. 2011); United States v. Douglas, 626 F.3d 161, 164 (2d Cir. 2010); United States v. Nestor, 574 F.3d. 159, 161–62 (3d Cir. 2009); United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012); United States v. Broussard, 669 F.3d 537, 548 (5th Cir. 2012); United States v. Hart, 635 F.3d 850, 854 (6th Cir. 2011); United States v. Berg, 640 F.3d 239, 251 (7th Cir. 2011); United States v. Pierson, 544 F.3d 933, 939 (8th Cir. 2008); United States v. Hofus, 598 F.3d 1171, 1178–79 (9th Cir. 2010); United States v. Lee, 603 F.3d

904, 914 (11th Cir. 2010).[3] These cases span a broad range of procedural postures and fact patterns, and the Supreme Court has not seen fit to question the federal circuits' interpretation of § 2422(b), nor does there appear to be a trend among the federal circuits towards the CCA's interpretation. Therefore, we find no reason to depart from this Court's precedent or established federal practice.

The plain language of the statute, this Court's precedent, and federal circuit precedent support the Government's interpretation of § 2422(b)'s intent requirement. The CCA erred in holding that "the accused must intend that the minor, ultimately, actually engage in illegal sexual activity as a result of his persuasion, inducement, or enticement." Schell, 71 M.J. at 578. Rather, the intent required to support an attempt conviction under § 2422(b) is the intent to commit the predicate offense -- that is, the intent to persuade, induce, entice, or coerce a minor for the purposes of engaging in illegal sexual activity.

---

[3] The United States Court of Appeals for the Eleventh Circuit has wavered slightly on this issue. See Lebowitz, 676 F.3d at 1013 ("the Government [must] prove beyond a reasonable doubt that Lebowitz intended to engage in criminal sexual activity with K.S."). However, it appears that Lebowitz may just be an outlier. See United States v. Slaughter, 708 F.3d 1208, 1215 (11th Cir. 2013) (indicating that § 2422(b) is intended to "criminalize enticement and attempted enticement of an individual under the age of eighteen years").

IV.  Certified Issue II

"If an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea."  United States v. Phillippe, 63 M.J. 307, 309 (C.A.A.F. 2005) (quoting United States v. Garcia, 44 M.J. 496, 498 (C.A.A.F. 1996)) (internal quotation marks omitted); Article 45(a), UCMJ, 10 U.S.C. § 845(a) (2006).  A military judge abuses his discretion if he neglects or chooses not to resolve an inconsistency or reject the inconsistent or irregular pleading. United States v. Hayes, 70 M.J. 454, 457–58 (C.A.A.F. 2012).

Schell argues that trial defense counsel's statements during sentencing that he did not actually intend to engage in sexual activity with "Taylor," and his unsworn statement that he "never intended to do anything" with her raised a matter inconsistent with his plea that the military judge left unresolved.  This argument is unavailing given our holding on Certified Issue I.

Even if Schell did not actually intend to engage in illegal sexual activity with "Taylor," he admitted in a detailed stipulation of fact and during the plea colloquy that he intended to entice her to engage in illegal sexual activity. Therefore, Schell admitted that he had the requisite intent to support an attempt conviction under § 2422(b), and neither trial

16

defense counsel's statements nor Schell's unsworn statement raised a matter inconsistent with his plea. See Schell, 71 M.J. at 583 (Haight, J., joined by Ayres, C.J., Cook, S.J., and Gallagher, J., dissenting) ("[a] stated lack of intent to engage in sexual activity is not inconsistent with the intent to entice to engage in sexual activity").

V. Granted Issue

A.

A military judge's acceptance of an accused's guilty plea is reviewed for an abuse of discretion. Inabinette, 66 M.J. at 322. The test for an abuse of discretion is whether the record shows a substantial basis in law or fact for questioning the plea. Id. "For this Court to find a plea of guilty to be knowing and voluntary, the record of trial 'must reflect' that the elements of 'each offense charged have been explained to the accused' by the military judge." United States v. Redlinski, 58 M.J. 117, 119 (C.A.A.F. 2003) (quoting United States v. Care, 18 C.M.A. 535, 541, 40 C.M.R. 247 (1969)); see also Article 45, UCMJ; Rule for Courts-Martial 910(c)(1). If the military judge fails to explain the elements to an accused, it is reversible error unless "it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." United States v. Jones, 34 M.J. 270, 272 (C.M.A. 1992). "Rather than focusing on a technical

17

listing of the elements of an offense, this Court looks at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially." Redlinski, 58 M.J. at 119.

"Unlike some simple military offenses, attempt is a more complex, inchoate offense that includes two specific elements designed to distinguish it from mere preparation." Id. To establish an attempt under § 2422(b), this Court has held that the Government must prove that the accused: (1) had the intent to commit the substantive offense, and (2) took a substantial step toward persuading, inducing, enticing, or coercing a minor to engage in illegal sexual activity. Winckelmann, 70 M.J. at 407.

### B.

In defining the elements of the Article 134, UCMJ, offense the military judge erred because she failed to instruct Schell that he had to take a substantial step toward persuading, inducing, enticing, or coercing a minor in order to plead guilty to an attempt under Article 134, UCMJ. Additionally, neither the specification nor the stipulation of fact mentioned that a "substantial step" was an element of the Article 134, UCMJ, offense.

The fact that the military judge instructed on and defined "substantial step" for the Article 80, UCMJ, offenses does not

18

cure this error.  There is nothing in the record to indicate that Schell understood that the Article 134, UCMJ, offense shared the "substantial step" element with the Article 80, UCMJ, offenses.  The military judge did not discuss the element with respect to the Article 134, UCMJ, charge, nor cross-reference the element with the Article 80, UCMJ, attempt offenses.  See United States v. Barton, 60 M.J. 62, 63–65 (C.A.A.F. 2004) (recognizing that cross-referencing an element of separate offenses during a plea colloquy may not amount to error).

Schell was "not entitled to receive a hornbook review of the distinction" between mere preparation and a substantial step, but "the record must objectively reflect that [he] understood that his conduct, in order to be criminal, needed to go beyond preparatory steps and be a direct movement toward the commission of the intended offense."  Redlinski, 58 M.J. at 119. That Schell admitted facts during his plea colloquy that are likely sufficient to prove that he took a substantial step towards enticing "Taylor," does not answer the altogether different question whether he understood that a substantial step was necessary to make his conduct criminal.  Even though Schell agreed that the military judge correctly described his crime, and admitted that he took "steps" to attempt to persuade "Taylor," the record before us does not demonstrate that Schell understood how the law related to the facts.  United States v.

19

Medina, 66 M.J. 21, 26 (C.A.A.F. 2008).  Therefore, we set aside Schell's guilty plea to the Article 134, UCMJ, offense because there is a substantial basis in law to question the providence of his plea.

VI.

We reject the reasoning of the United States Army Court of Criminal Appeals as to the certified issues, but affirm the judgment of that court because there is a substantial basis in law to question Schell's plea.