# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL C. EVANS**
**United States Army, Appellant**

ARMY 20130251

Headquarters, Fort Stewart
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Captain Sara E. Lampro, JA.

For Appellee:  Major Robert A. Rodrigues, JA.

27 June 2014

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of violating a lawful general regulation, one specification of drunken operation of a vehicle, one specification of wrongful use of cocaine, one specification of possessing an open container of alcohol in his vehicle in violation of Georgia law[1], and one specification of breaking restriction in violation of Articles 92, 111, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 911, 912a, and 934 [hereinafter UCMJ].[2]  The military judge sentenced appellant to a bad-conduct discharge and confinement for twenty months In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge and 450 days of

---

[1] The Georgia state law was adopted by the government through the Federal Assimilative Crimes Act.  18 U.S.C. § 13.

[2] The military judge acquitted appellant of obstructing justice and an additional breaking restriction offense.

confinement. The convening authority credited appellant with 187 days against his sentence to confinement.

On 5 March 2014, we issued a decision in this case wherein we affirmed the findings of guilty and the sentence approved by the convening authority. *See United States v. Evans*, ARMY 20130251 (Army Ct. Crim. App. 5 Mar. 2014) (sum. disp.).

Appellant petitioned our superior court for relief on 5 May 2014. Pursuant to its 5 June 2014 order, our superior court, citing to *United States v. Schell*, 72 M.J. 339 (C.A.A.F. 2013), granted relief and set aside the finding of guilty to Specification 3 of Charge IV (breaking restriction).[3] Our superior court affirmed the remaining findings and returned the record to The Judge Advocate General of the Army who in turn has remanded the case to our court. In remanding the case, our superior court gave this court the choice between "either dismiss[ing] Specification 3 of Charge IV and reassess[ing] the sentence based on the affirmed findings, or . . . [ordering] a rehearing on the affected specification and the sentence."

In choosing the former course of action, we are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence. Second, appellant was sentenced by a court-martial consisting of a military judge alone. Third, we find the nature of the remaining offenses captures the gravamen of the original specifications. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Accordingly, we therefore DISMISS Specification 3 of Charge IV. In reassessing the sentence, based on the noted error and the entire record, we AFFIRM only so much of the sentence that provides for a bad-conduct discharge and confinement for 420 days. This reassessed sentence provides a reduction in confinement equal to the maximum amount of confinement appellant was originally subjected to for the dismissed specification. *See Manual for Courts-Martial*, *United States* (2012 ed.), pt. IV, ¶ 102(e). We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of

---

[3] Appellant was charged with breaking restriction to the prejudice of good order and discipline in the armed forces, but the military judge erroneously questioned appellant only as to if his breaking restriction was service discrediting.

EVANS – ARMY 20130251

which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3