# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

Before
R.Q. WARD, J.A. FISCHER, D.C. KING
Appellate Military Judges

UNITED STATES OF AMERICA

v.

STEVEN C. POTTMEYER
STAFF SERGEANT (E-6), U.S. MARINE CORPS

NMCCA 201300293
GENERAL COURT-MARTIAL

**Sentence Adjudged**: 29 March 2013.
**Military Judge**: Maj Nicholas Martz, USMC.
**Convening Authority**: Commanding General, Marine Corps Recruit Depot/Eastern Recruiting Region, Parris Island, SC.
**Staff Judge Advocate's Recommendation**: Capt J.A. Hill, USMC.
**For Appellant**: C. Ed Massey, Esq.; Maj John Stephens, USMC.
**For Appellee**: Maj Crista Kraics, USMC.

**26 August 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of seven specifications for violating a general order for various misconduct involving prospective recruit applicants in violation of Article 92, Uniform Code of Military Justice, and one specification each of making a false official statement, committing an indecent act, and abusive sexual contact, in

violation of Articles 107 and 120, UCMJ.[1]  The military judge sentenced him to four years' confinement, total forfeitures, reduction to E-1, and a bad-conduct discharge.  The convening authority approved the sentence as adjudged and suspended adjudged and waived automatic forfeitures in accordance with the pretrial agreement (PTA).

On appeal, the appellant raises three assignments of error. First, he argues that the evidence underlying his convictions is both legally and factually insufficient and his guilty pleas were improvident because of "the toxicity of the legal environment aboard Parris Island, South Carolina due to the prosecution of cases on the allegation of sexual assault offenses."  Appellant's Brief of 2 Dec 2013 at 20.  Second, he claims that the results of his court-martial were affected by apparent unlawful command influence (UCI) stemming from the Commandant of the Marine Corps' (CMC) "Heritage Brief."  Last, he claims unlawful pretrial punishment occurred during his pretrial confinement.

After careful consideration of the record and the briefs of the parties, we conclude that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred.[2]

## Background

The appellant, a Marine Corps recruiter in Ohio, faced a number of charges involving his inappropriate conduct with potential female recruits while he was on recruiting duty. While the appellant's trial was pending, the CMC and the Sergeant Major of the Marine Corps (SMMC) embarked upon a nation-wide tour speaking to the leadership of the Marine Corps on a variety of subjects.  In April 2012, the CMC and the SMMC visited Parris Island.  During the brief, the CMC made various remarks addressing issues pertaining to military justice, discipline, and sexual assault.[3]

---

[1] 10 U.S.C. §§ 892, 907; 10 U.S.C. § 920 (Supp. 2007).

[2] 10 U.S.C. §§ 859(a) and 866(c).

[3] Appellate Exhibit LIX at 3-5.  For an in-depth description of the "Heritage Brief" conducted at Parris Island, see *United States v. Howell*, 2014 CCA LEXIS 321, unpublished op. (N.M.Ct.Crim.App. 22 May 2014).

2

In the wake of the Heritage Tour's stop through Parris Island, the appellant filed a motion complaining of UCI.[4] After finding that some of the CMC's remarks raised the appearance of UCI, the military judge ordered as curative measures a venire of at least fifteen members, expansive *voir dire* and the liberal granting of challenges, and the use of supplemental questionnaires to identify and remove any member who may appear improperly influenced. In addition, the military judge granted the defense one additional peremptory challenge.[5]

Prior to assembly, however, the appellant entered pleas of guilty pursuant to a pretrial agreement in exchange for a sentence limitation and dismissal of some of the more serious offenses.[6]

**Discussion**

**1. Providence of the Pleas**

The appellant styles his first assignment of error as a question of legal and factual sufficiency of the evidence. But when, as here, an appellant pleads guilty, "the issue must be analyzed in terms of providence of his plea, not sufficiency of the evidence."[7] We review a military judge's decision to accept a guilty plea for an abuse of discretion.[8] "'If an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea.'"[9] Failure to do so is an abuse of discretion.[10]

Here, we find no substantial basis in law or fact to question the appellant's pleas. Although he admitted his guilt to every element without hesitancy, he now contends that he did so solely because of "the toxicity of the environment aboard

---

[4] AE XXIV.

[5] AE LIX at 9-11.

[6] AE XLVI and XLVII.

[7] *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996).

[8] *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

[9] *United States v. Phillippe*, 63 M.J. 307, 309 (C.A.A.F. 2006) (quoting *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996)).

[10] *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013).

Parris Island."[11]  Specifically, he points to his knowledge of several harsh sentences in unrelated sexual assault cases and the potential maximum punishment he faced.  But neither the appellant nor his counsel raised these concerns with the military judge during the providence inquiry despite ample opportunity to do so.

In his PTA, the appellant agreed that he had not been coerced into pleading guilty.[12]  During the providence inquiry, the appellant told the military judge that he was pleading guilty voluntarily.[13]  And on appeal, the appellant's defense counsel essentially admits as much:

> Albeit that SSgt Pottmeyer pled guilty to certain offenses freely and voluntarily, he did so out of fear that proceeding to trial in the current environment aboard Parris Island, South Carolina would have resulted in a much harsher sentence than he would receive by entering negotiated pleas.[14]

Pleading guilty to avoid a harsh sentence does not render a plea improvident.  Nothing in the record set up matter inconsistent with the appellant's pleas.  Consequently, we find no abuse of discretion by the military judge in accepting the appellant's guilty pleas.

---

[11] Appellant's Brief at 22.  Among the facts he cites as evidence of this "toxicity" are significant sentences in contested courts-martial involving sexual assault tried at Parris Island in the same general time frame; the excessive number of charges on his charge sheet; the potential sentence to confinement he faced; and an underlying investigation behind the offenses that amounted to a "witch hunt."  *Id*. at 22-23.  Despite this environment, he successfully negotiated withdrawal and dismissal of all but one nonconsensual sexual offense (Abusive Sexual Contact) and negotiated a confinement limitation of 48 months —- far less than the sentence of confinement for life without eligibility of parole he could have faced.  Among the offenses dismissed pursuant to the PTA were attempted forcible sodomy, rape, aggravated sexual assault, aggravated sexual contact, and aggravated assault.

[12] AE XLVI at 2.

[13] Record at 209.

[14] Appellant's Brief at 22.

## 2. Unlawful Command Influence

We review a military judge's ruling on UCI *de novo*.[15]  We review the military judge's findings of fact under a clearly erroneous standard, but review the question of command influence flowing from those facts *de novo*.[16]  While we review a military judge's remedy for UCI for an abuse of discretion,[17] ultimately on appeal we review *de novo* whether UCI affected the findings or sentence.[18]  We will reverse if we find that "an objective, disinterested observer, fully informed of all the facts and circumstances, would harbor a significant doubt about the fairness of the proceeding."[19]

We note that the appellant, both at trial and on appeal, focused on the Heritage Brief's impact on potential members at his trial.[20]  Here, the military judge found an appearance of UCI and adopted curative measures to remove any effect.[21]  We find those measures well-within a reasonable range of choices to address the appearance of unlawful influence on the prospective court-martial panel.  However, those remedies were rendered moot when the appellant elected to waive his right to a trial by members and plead guilty under the protection of a PTA.  We find his claim on appeal that he was forced into this course of action because of the inadequacy of the military judge's remedies wholly unsupported by the record.  Having reviewed the record, we conclude beyond a reasonable doubt that "any unlawful command influence did not affect the findings or sentence."[22]

### 3. Pretrial Confinement

In his final assignment of error, the appellant contends that his pretrial confinement in this case amounted to a

---

[15] *United States v. Salyer*, 72 M.J. 415, 423 (C.A.A.F. 2013).

[16] *United States v. Wallace,* 39 M.J. 284, 286 (C.M.A. 1994).

[17] *United States v. Douglas*, 68 M.J. 349, 354 (C.A.A.F. 2010).

[18] *Id*. (citing *United States v. Biagase*, 50 M.J. 143, 150-51 (C.A.A.F. 1999)).

[19] *United States v. Lewis,* 63 M.J. 405, 415 (C.A.A.F. 2006).

[20] Record at 48-54; AE XXIV at 11; Appellant's Brief at 36-37.

[21] AE LIX at 9-11.

[22] *Salyer*, 72 M.J. at 423 (citing *Biagase*, 50 M.J. at 150-51).  Although not raised, we have reviewed and found no evidence of any actual UCI.

violation of his right against illegal pretrial punishment under Article 13, UCMJ.

Here, the appellant was placed in pretrial confinement pending trial. After charges were referred, the appellant filed a motion for release from pretrial confinement which the military judge denied.[23] The appellant later filed a motion to reconsider.[24] The military judge denied the motion to reconsider.[25] Of note, the appellant never voiced any complaint under Article 13, UCMJ. Rather, he argued solely that the magistrate abused his discretion by ordering the appellant's continued confinement.[26] Now he claims that these same circumstances amount to illegal pretrial punishment. Under the facts of this case, however, we conclude that the appellant waived any Article 13, UCMJ claim based on his pretrial confinement.[27]

## Conclusion

We affirm the findings and sentence as approved by the convening authority.

For the Court

R.H. TROIDL
Clerk of Court

---

[23] AE VIII; Record at 24-26.

[24] AE XIV.

[25] Record at 36.

[26] Record at 33-34.

[27] After calculating the applicable pretrial confinement credit, the military judge asked "[d]efense, do you have any motions requesting relief from unlawful pretrial punishment or restraint?" Trial defense counsel replied, "No, sir." Record at 222. Finding waiver we do not reach the merits.