# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**

**Staff Sergeant RYAN O. ANDERSON**
**United States Army, Appellant**

ARMY 20150128

Headquarters, III Corps and Fort Hood
Kenneth Shahan, Military Judge (arraignment)
Wade N. Faulkner, Military Judge (trial)
Colonel Ian G. Corey, Staff Judge Advocate

For Appellant:  Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormack M. Smith, JA; Captain John Gardella, JA (on brief).

31 August 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification each of conspiracy to commit larceny, failure to obey a general regulation, and maltreatment in violation of Articles 81, 92, and 93, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, 893 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for forty-five days, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

Appellant's case is before this court for review under Article 66, UCMJ. Appellate counsel assigned one error to this court, and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  The assigned error warrants discussion and relief.  The matters raised pursuant to *Grostefon* are without merit.

In his assigned error, appellant asserts the military judge abused his discretion in accepting a guilty plea to the Specification of The Additional Charge, conspiracy to commit larceny, which alleged appellant conspired with Private First Class (PFC) TM to steal Basic Allowance for Housing (BAH) by introducing PFC TM to a man known as JR. Specifically, appellant claims the military judge failed to elicit facts necessary to prove the resulting marriage between PFC TM and JR was only entered into for the purpose of obtaining benefits. *See Lutwak v. United States*, 344 U.S. 604 (1953). We agree and provide relief in our decretal paragraph.

"A military judge's acceptance of an accused's guilty plea is reviewed for an abuse of discretion. The test for an abuse of discretion is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)).

In this case PFC TM, who was subject to appellant's orders, approached appellant about her desire to enter into a "contract marriage" because she needed money to care for her sick mother. Appellant knew JR, a friend of his, also wanted to get married. With this knowledge, appellant admitted to introducing PFC TM to JR and arranging their face-to-face meeting at a barbecue on 3 September 2012. Private First Class TM and JR were married on 4 September 2012. Private First Class TM subsequently submitted a DA Form 5960 "Authorization to Start, Stop, or Change Basic Allowance for Quarters" listing JR as her dependent, and began receiving BAH in the amount of $1,023 per month. In explaining his understanding of a "contract marriage" and the receipt of BAH, appellant stated "I knew it was wrong because you are supposed to get married for the right reasons and they were getting married for the wrong reason. For BAH and separate rations, Your Honor, to help out with money." Appellant later explained "I knew it was wrong to get married for those circumstances and reasons, Your Honor."

In *Lutwak,* the Supreme Court described the provisions of the War Brides Act, stating:

> By directing in the war Brides Act that "alien spouses" of citizen war veterans should be admitted into this country, Congress intended to make it possible for veterans who had married aliens to have their families join them in this country without the long delay involved in qualifying under the proper immigration quota. Congress did not intend to provide aliens with an easy means of circumventing the quota system by fake marriages in which neither of the parties ever intended to enter into the marital relationship . . . . The common understanding of a marriage, which Congress must have had in mind when it

> made the provision for "alien spouses" in the War Brides
> Act, is that the two parties have undertaken to establish a
> life together and assume certain duties and obligations."

*Lutwak,* 344 U.S. at 611.  The government avers that this court should look to the primary purpose behind the marriage and determine if the singular focus was to gain access to BAH to which PFC TM was not otherwise entitled.

Considering the entire record, to include appellant's responses during his providence inquiry and the stipulation of fact, we are not convinced that the military judge elicited enough facts to determine whether the singular focus of the marriage between PFC TM and JR was to gain access to BAH to which PFC TM was not otherwise entitled.  In the cases cited by the government, there were developed facts to indicate the marriages at issue were not entered into by parties who had undertaken to establish a life together and assume certain duties and obligations.  See *United States v. Bolden*, 28 M.J. 127 (C.M.A. 1989); *United States v. Phillips*, 52 M.J. 268 (C.A.A.F. 2000); *United States v. Hall*, 74 M.J. 525 (A.F. Ct. Crim. App. 2014).  Here, although appellant testified that PFC TM needed money to help her sick mother and that PFC TM was not marrying for the "right reasons," we note that PFC TM and JR spoke on the telephone prior to their face-to-face introduction, and the record is silent regarding their intentions vis-à-vis the duties and obligations of a married couple.  Unlike the cases cited by the government, the military judge elicited no evidence as to the intentions of the parties regarding their marital relationship beyond their marriage ceremony.  For this reason we have a substantial basis in fact for questioning appellant's plea to conspiracy to commit larceny.

Given the error noted above, and applying the factors in *United States v. Winckelmann*, we are confident, considering the remaining specifications, we can reassess appellant's sentence.  73 M.J. 11, 15-16 (C.A.A.F. 2013).  Appellant remains convicted of one specification of failure to obey a general regulation, and one specification of maltreatment.  The Specification of The Additional Charge carries a maximum period of confinement for ten years, while the maximum confinement in this case was thirteen years.  Thus, the penalty landscape has significantly changed.  *Id.*  Appellant elected trial by judge alone, and we "are more likely to be certain of what a military judge would have done as opposed to members."  *Id.* at 16.  Finally, this court reviews the records of a substantial number of courts-martial involving violations of general orders and maltreatment, and we have extensive experience and familiarity with the level of sentences imposed for such offenses under various circumstances.  *Id.*  Considering the nature of appellant's misconduct, we affirm only so much of the sentence as extends to a bad-conduct discharge, confinement for thirty days, and reduction to the grade of E-1.  We are convinced that based upon the entire record, the military judge would have imposed a sentence of at least this severity.  We find this reassessed sentence is not only purged of any error but is also appropriate.

## CONCLUSION

The finding of guilty of the Specification of the Additional Charge is set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Winckelmann*, we affirm only so much of the sentence as extends to a bad-conduct discharge, confinement for thirty days, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Judge CELTNIEKS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court