# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant ELI R. VICK**
**United States Army, Appellant**

ARMY 20180530

Headquarters, I Corps
Timothy P. Hayes, Jr. and Lanny J. Acosta, Jr., Military Judges
Colonel Oren H. Mcknelly, Staff Judge Advocate

For Appellant: Major Julie L. Borchers, JA; Captain Steven J. Dray, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.4, no response filed.

11 April 2019

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

Appellant has not raised any assignments of error and has submitted his case for our review "on its merits." We find it has merit indeed. Our review of this case reveals one clear error requiring correction.

We set aside appellant's conviction for a specification alleging appellant was derelict in his duties. Appellant's plea colloquy with the military judge did not establish his guilt, much less his providence thereto. Moreover, the stipulation of fact—mutually agreed to by appellant and the government—directly refutes the substance of appellant's alleged dereliction.

## BACKGROUND

Appellant was a Unit Prevention Leader (UPL), a position dedicated to preventing the abuse of controlled substances in appellant's unit. He was also a drug dealer. More precisely, appellant was already engaged in the manufacture, transportation, and distribution of controlled substances when he was given duties as a UPL. Appellant's new duties did not deter him from his nefarious activities.

One of appellant's duties as a UPL was to conduct training on the dangers of illicit substances and to help prevent the use of such substances within his unit. Not shy of contradictions, appellant simultaneously possessed, used, manufactured, or distributed a variety of controlled substances, including marijuana, cocaine, MDMA, and psilocybin mushrooms. Unfortunately for appellant, his double life was soon discovered, and his tenure as both UPL and drug-dealer came to an ignominious end.

Charged with a cavalcade of misconduct, appellant offered to plead guilty to his pharmacological misdeeds in exchange for dismissal of one charge and assurance that he would serve no more than twenty months of confinement. The convening authority accepted appellant's offer, and the parties entered into a pretrial agreement accordingly.

One of the specifications to which appellant agreed to plead guilty alleged he was derelict in his duties as a UPL because, "he willfully failed to deliver informed prevention education and training to all Soldiers assigned to [appellant's unit]." Inexplicably, appellant and the government also agreed to a stipulation of fact that stated: "During his time as UPL, [appellant] *would continue to provide training commensurate with his position as UPL*, but he would also use, manufacture, and distribute controlled substances in his personal capacity." (emphasis added).

At appellant's guilty plea, he dutifully explained his nefarious enterprises manufacturing, distributing, and personally using various controlled substances. When appellant's providence inquiry turned to the subject of dereliction, however, his explanation was convoluted. Appellant's initial explanation was that he was derelict as a UPL because he "didn't prevent anything from happening" and "didn't inform the chain of command of any drug-related incidents happening in the unit."

The military judge pointed out that appellant was charged with dereliction for failing to provide training, not for failing to notify the chain of command about drug use in the unit. The military judge asked appellant if he had provided the training a UPL was required to provide. Appellant responded, "I did, your Honor." The military judge asked why appellant was derelict if he provided the training. Appellant responded that, while he provided the training, he also provided drugs to members of his unit and "failed to inform the leadership of the consequences."

While appellant briefly suggested that he might not have provided as many quarterly training sessions as were required of a UPL, further discussion with the military judge demonstrated he most likely provided the required quarterly training. Eventually, appellant suggested that he was derelict because he "failed to provide education and training when [he] handed out the drugs to soldiers." Eventually, the military judge appeared to accept this theory, coupled with the explanation from defense counsel that appellant's "UPL duties were essentially 24/7, so if he saw someone using drugs it was his duty at that time to inform them, or to prevent that

from happening." The trial counsel agreed. The military judge ultimately accepted appellant's plea, but did not resolve the contradiction between appellant's theory of his own guilt and the stipulation of fact.

The military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of one specification under Article 92 and nine specifications under Article 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 112a [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, three years of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. Pursuant to the pretrial agreement, the convening authority approved appellant's sentence only insofar as it provided for a bad-conduct discharge, twenty months of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. Appellant's case is now before us for review under Article 66, UCMJ.

## LAW AND DISCUSSION

A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *Inabinette*, 66 M.J. at 322). While a stipulation of fact can support the providence of a guilty plea, it can also introduce matters inconsistent with a guilty plea and render such a plea improvident. *See United States v. Simpson*, 77 M.J. 279, 283 (C.A.A.F. 2018).

We find the military judge abused his discretion by accepting appellant's plea to the dereliction of duty specification. Appellant's colloquy with the military judge was insufficient to establish that appellant "willfully failed to deliver informed prevention education and training." Further, the stipulation of fact explicitly stated: "During his time as UPL, [appellant] would continue to provide training commensurate with his position as UPL . . . ." The stipulation of fact is therefore plainly inconsistent with the language of the specification alleging dereliction. It is our duty to correct this error.

## CONCLUSION

Appellant's conviction of The Specification of Charge III and Charge III are SET ASIDE and both The Specification of Charge III and Charge III are DISMISSED. The remaining findings of Guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), appellant's sentence is AFFIRMED.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court