**UNITED STATES of America**

v.

**Marcin J. TARNIEWICZ, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCCA 201100158.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 16 Sept. 2010.

30 Aug. 2011.

For Appellant: Capt D.L. Karr, JAGC, USN.

For Appellee: Capt J.B. Melton, JAGC, USN; Maj W.C. Kirby, USMC.

Before J.A. MAKSYM, J.R. PERLAK, R.E BEAL, Appellate Military Judges.

**PUBLISHED OPINION OF THE COURT**

BEAL, Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of unauthorized absence terminated by apprehension, violating a lawful general order, wrongful use of a controlled substance, and breaking restriction, in violation of Articles 86, 92, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a, and 934. The appellant was sentenced to 5 months confinement, reduction to pay grade E–1, and a bad-conduct discharge. The appellant was released from confinement on the day of his trial pursuant to a pretrial agreement in which the convening authority agreed to suspend all confinement in excess of the time the appellant served in pretrial confinement. At a vacation hearing pursuant to RULE FOR COURTS-MARTIAL 1109, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2008 ed.), the convening authority vacated the suspended portion of the appellant's sentence and ordered him to serve the remainder of his confinement.[1] Subsequently, the convening authority (CA) took action on the sentence and approved it as adjudged.

The appellant's sole assigned error avers the CA erred when taking action by ordering the approved sentence, including the bad-conduct discharge, executed in violation of Article 71, UCMJ, 10 U.S.C. § 871. Appellant's Brief of 25 Apr 2011 at 3. The Government correctly notes in its response that a CA, when taking initial action on a case, is legally incompetent to order a punitive discharge executed. As such, the Government argues that the appellant misapprehends the language contained within the action and, at most, the challenged language operates as a legal nullity. Government's Brief of 24 May 2011 at 4. After considering

1. The convening authority conducted the vacation hearing on 1 November 2010 and concluded there was probable cause to find that on 24 October 2010, the appellant committed misconduct, i.e., a violation of Article 111, UCMJ, 10 U.S.C. § 911.

the pleadings of the parties and the entire record of trial, we conclude there were no errors materially prejudicial to the appellant's substantial rights and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## Discussion

 In taking initial action, the CA's action included the following pertinent language:

In accordance with the Uniform Code of Military Justice, the Manual for Courts–Martial, applicable regulations, and this action, the sentence is ordered executed.[2] Pursuant to Article 71, UCMJ, the punitive discharge *will* be executed after final judgment.

CA's Action dated 11 Mar 2011 (emphasis added). The action does not follow the recommended forms for action contained within Appendix 16, Manual for Courts–Martial.

The phrase, "will be executed," could be interpreted to mean that the CA attempted to direct the execution of the appellant's punitive discharge; on the other hand, the phrase could be interpreted as mere commentary on a possible future event. Leaving aside whether the context of the paragraph limits the meaning of the phrase "will be executed," the language is subject to two interpretations: one is *ultra vires;* the other, mere surplusage. Both invite needless post-trial litigation. Regardless of the interpretation, the phrase has no effect; to the extent that this language purports to direct anything, it is a legal nullity. Article 71 does not permit a punitive discharge to be executed until after there is a final judgment, an event which necessitates review by a Court of Criminal Appeals.

The findings and the sentence are affirmed.

Senior Judge MAKSYM and Judge PERLAK concur.

---

**2.** Although not assigned as error, we note that to the extent this portion of the CA's action purports to execute the bad-conduct discharge, it is a legal nullity. *United States v. Bailey,* 68 M.J. 409 (C.A.A.F.2009).