# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, M.C. HOLIFIELD**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**JEREMY L. SEWELL**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201300432**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 23 August 2013.
**Military Judge**: Col D.M. McConnell, USMC.
**Convening Authority**: Commanding General, Training Command, Quantico, VA.
**Staff Judge Advocate's Recommendation**: LtCol M.E. Sayegh, USMC.
**For Appellant**: Maj Richard A. Viczorek, USMCR.
**For Appellee**: CDR James E. Carsten, JAGC, USN.

**28 August 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of attempt to violate a lawful general order, six specifications of violating a lawful general order or regulation, one specification of making a false official statement, and one specification each of wrongfully possessing, distributing, and using marijuana, in violation of Articles 80, 92, 107, and 112a, Uniform Code of Military Justice, 10 U.S.C. § 880, 892, 907, and 112a. The appellant was sentenced to

confinement for seven months, reduction to pay grade E-1, forfeiture of five hundred dollars pay per month for seven months, and a bad-conduct discharge. In accordance with the pretrial agreement (PTA), the convening authority (CA) disapproved the adjudged forfeitures, waived automatic forfeitures for six months, and approved the remainder of the adjudged sentence.

The appellant now raises four assignments of error (AOE). First, he claims that his plea to the sole specification under Charge I (attempt) was improvident. Second, he claims that the promulgating order fails to comply with RULE FOR COURTS-MARTIAL 1114(c)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). The third AOE claims that the CA improperly purported to execute the appellant's discharge. Last, that appellant claims he was denied appropriate appellate review because the record of trial does not contain any documents pertaining to the general court-martial portion of his case.

After reviewing the record of trial and the pleadings of the parties, we find that the supplemental court-martial order states the wrong offense under the sole specification under Charge V. We will order corrective action in our decretal paragraph. We otherwise find the findings of guilty and approved sentence correct in law and fact, and no errors materially prejudicial to the substantial rights of the appellant were committed. Arts. 59(a) and 66(c), UCMJ.

**Background**

The appellant was an instructor assigned to Charlie Company, Infantry Training Battalion (ITB), School of Infantry (SOI)-East. While serving at SOI-East, the appellant used and/or misused a number of illegal and/or controlled substances, to include marijuana and Prozac. The appellant also kept marijuana in his truck "to get high on multiple occasions." Record at 58.

Private First Class (PFC) P and PFC F were students assigned to Charlie Company, ITB, SOI-East. The appellant was their instructor and mentor. The appellant was on a first-name basis with these two Marines and did not refer to them by their rank. The appellant also supplied marijuana to both of these Marines.

Because of his drug use, the appellant was worried that his urine sample would test positive for controlled substances at a

2

future, yet to be scheduled or announced, urinalysis. In a plan to avoid possible detection, he ordered PFC F to urinate in a bottle so that he could later swap urine samples to avoid testing positive for illegal substances. Prior to having PFC F provide a urine sample, the appellant was assured by PFC F that he had not recently used drugs. PFC F then urinated into the bottle and gave it to the appellant, who planned to then provide PFC F's urine sample as his own. However, the appellant never used PFC F's urine because he wasn't entirely confident that PFC F's urine sample was not "contaminated." Record at 22-23. The appellant later admitted during the providence inquiry that the collection of PFC F's urine constituted a substantial step toward violating paragraph 5(d) of Secretary of the Navy Instruction 5300.28E, which prohibits the substitution of "any substance for one's own urine," and "amounted to more than mere preparation." *Id*. at 22-23.

At trial, the appellant also admitted to snorting crushed prescription Prozac tablets through a red straw to get intoxicated. When the appellant's command conducted a search of the appellant's truck, they discovered a red straw. When initially asked what the straw was used for, the appellant lied to his company commander as to the purpose of the red straw, but later confessed that he used it to snort drugs.

One time, after smoking marijuana, the appellant provided a urine sample, but squirted hand sanitizer into the bottle before it was sealed in an attempt to thwart the detection of the marijuana metabolite. Notwithstanding the appellant's efforts, that sample tested positive for the marijuana metabolite.

Additional facts needed for the resolution of a particular AOE are included below.

### Providence of the Attempt Plea

In his first AOE, the appellant argues that his plea to the attempt offense was improvident because the military judge accepted his plea without inquiring into the specifics of the urinalysis for which the appellant intended to substitute his urine sample with that of another. We disagree.

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). A decision to accept a guilty plea will be set aside if there is a substantial basis in law or fact for questioning the plea. *United States v. Inabinette*, 66

3

M.J. 320, 322 (C.A.A.F. 2008). We will not reverse a military judge's decision to accept a guilty plea unless we find "a substantial conflict between the plea and the accused's statements or other evidence of record." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996). "A 'mere possibility' of such a conflict is not a sufficient basis to overturn the trial results." *Id.* (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

During the providence inquiry, the military judge must determine whether there is a "factual basis for the plea." R.C.M. 910(e). There is no requirement that any independent evidence be produced to establish a factual basis for the plea. *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996). Rather, the factual predicate is sufficiently established if "the factual circumstances as revealed by the accused himself objectively support that plea . . . ." *Id.* (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)).

The Court of Appeals for the Armed Forces has explained:

> Quite simply, where an accused pleads guilty and during the providence inquiry admits that he went beyond mere preparation and points to a particular action that satisfies himself on this point, it is neither legally nor logically well-founded to say that actions that may be ambiguous on this point fall short of the line "as a matter of law" so as to be substantially inconsistent with the guilty plea.

*United States v. Garner*, 69 M.J. 31, 33 (C.A.A.F. 2010) (quoting *United States v. Schoof*, 37 M.J. 96, 103 (C.M.A. 1993)).

Here, the military judge adequately explained the definition of a "substantial step." Record at 17; *see also Garner*, 69 M.J. at 33. Additionally the appellant admitted that his acts constituted substantial steps towards completion of the ultimate offense. Record at 23. Those admissions were consistent with case law as to what constitutes a substantial step. *See, e.g., United States v. Byrd*, 24 M.J. 286, 290 (C.M.A. 1987).

Accordingly, we conclude that the military judge did not abuse her discretion in accepting the plea.

4

**Defective Promulgating Order**

The appellant's second AOE concerns the promulgating order. The CA originally took action on the appellant's case on 1 November 2013. Court-Martial Order (CMO) No. 013-26. That Order correctly reflected that the appellant pleaded not guilty to Charge V, an Article 111, UCMJ, offense for driving a vehicle under the influence of marijuana. However, the CMO failed to include language disapproving adjudged forfeitures in accordance with the PTA. On 12 November 2013, the CA issued Supplemental CMO No. 013-26a in order to disapprove the adjudged forfeitures in accordance with the PTA. That Supplemental Order incorrectly listed the Article 111, UCMJ, offense as a wrongful possession of marijuana, but noted the correct article and plea, and correctly stated the charge was dismissed without prejudice.

We analyze this claim under a harmless-error standard. *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998). We are convinced that this scrivener's error did not amount to plain error materially prejudicing appellant's substantial rights because no prejudice was alleged or is apparent. *See id.* However, the appellant is entitled to have his official records correctly reflect the results of his court-martial. *See id.* We will therefore order corrective action in our decretal paragraph.

**Purported Execution of the Punitive Discharge**

The appellant avers that the CA erred in attempting to execute the appellant's bad-conduct discharge. Here, the CA's Supplemental Court Martial Order No. 013-26a states, "Subject to the limitations contained in the [UCMJ], the Manual for Courts-Martial, applicable regulations, and this action, the sentence is ordered executed."

Article 71, UCMJ, "does not permit a punitive discharge to be executed until after there is a final judgment, an event which necessitates review by a Court of Criminal Appeals." *United States v. Tarniewicz*, 70 M.J. 543, 544 (N.M.Ct.Crim.App. 2011). "[T]o the extent that the convening authority's action purported to execute the bad-conduct discharge, it was a nullity." *United States v. Bailey*, 68 M.J. 409, 409 (C.A.A.F. 2009) (summary disposition); *see Tarniewicz*, 70 M.J. at 544.

**Record of Trial Omits Documents of Previously Referred General Court-Martial**

The appellant's final assignment of error is that he has been denied appropriate appellate review where the record of trial omits any documentation pertaining to the general court-martial portion of his case. We disagree.

The appellant's charges were initially referred for trial by general court-martial. An Article 39(a) session was conducted in the general court-martial case on 11 March 2013. As consideration for the appellant's pleas of guilty pursuant to the PTA agreed to on 3 July 2013, the CA withdrew all of the charges pending before the general court-martial and re-referred the charges to a special court-martial on 8 August 2013.

The appellant's special court-martial record of trial contains no documentation pertaining to the prior general court-martial. The appellant contends that he suffered prejudice from this omission because charges were preferred on 26 October 2012; he was arraigned on 23 August 2013; and there were no documents present in the record of trial to explain this timeline. At trial, the appellant's defense counsel did not raise a speedy trial motion or a motion for improper re-referral. The appellant argues on appeal that the inclusion of those documents in the record of trial would allow this court to examine potential issues of improper re-referral, speedy trial, or ineffective assistance of counsel. We disagree.

Completeness of a record of trial is reviewed *de novo*. *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000). "A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *Id.* at 111 (citations omitted). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Id.* This court has held that a complete record is defined as a "verbatim transcript." *United States v. Mayville*, 32 M.J. 838, 841 (N.M.C.M.R. 1991); *see also United States v. Smith*, 59 M.J. 604, 607-08 (N.M.Ct.Crim.App. 2003) (finding that R.C.M. 1107(d)(4)'s reference to R.C.M. 1103(c)(1), which refers to five other subsections, only requires that a verbatim transcript be prepared whenever the adjudged punishment includes a bad-conduct discharge or more than six months of confinement).

We conclude that the omissions in this case are not substantial and do not affect any of the charges and

specifications.  *See United States v. Bartolo*, No. 201000212, 2011 CCA LEXIS 3 at *11 (N.M.Ct.Crim.App. 18 Jan 2011) (finding missing enclosures to the Article 34 advice and missing attachments to the Article 32 investigation from general court-martial record of trial insubstantial when they did not affect any of the charges or specifications to which appellant pled guilty).  We reach this conclusion for several reasons.  First, the appellant pled guilty in accordance with a PTA, the trial transcript reflects the verbatim pleas of the appellant, and on appeal the appellant does not contest the factual circumstances of his pleas at trial.  Second, the appellant does not assert that he raised any pretrial motions which contested the fairness of the Article 32 proceedings, objected to the Article 34 advice, or claimed speedy trial issues or improper withdrawal or re-referral at either the general or special court-martial.  Third, the missing documents, which pertain to pre-referral matters, were not considered by the military judge during the findings or sentencing phases of the appellant's case.  Finally, the appellant's special court-martial record of trial appears to otherwise be a complete and verbatim record, and the appellant has not argued otherwise.

In light of these facts, based upon our review of the record, we view the omission of these documents as not substantial, and the absence of these documents has not prohibited us from conducting a thorough review as required under Article 66, UCMJ.  Furthermore, the appellant has identified no prejudice attributable to the lack of his general court-martial documents in his special court-martial record of trial.  "An unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings." *United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010) (citations omitted).  This court also applies "waiver to speedy-trial issues in unconditional guilty-plea cases." *United States v. Harris*, No. 200000483, 2003 CCA LEXIS 178 at *5, unpublished op. (N.M.Ct.Crim.App. 12 Aug 2003) (citing *United States v. Bruci*, 52 M.J. 750, 754 (N.M.C.C.A. 2000)).  As a result of his unconditional guilty plea and failure to bring any issue concerning improper referral or speedy trial at his special court-martial, we find that he has waived those issues on appeal.

**Conclusion**

Accordingly, the findings and the sentence as approved by the CA are affirmed.  We direct that the supplemental CMO correctly reflect that the offense in the sole specification

7

under Charge V was physically controlling a vehicle while impaired by marijuana.

                              For the Court



                              R.H. TROIDL
                              Clerk of Court