# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**MICHAEL A. ARNOLD**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201400240**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 8 April 2014.
**Military Judge**: LtCol C.M. Greer, USMC.
**Convening Authority**: Commanding Officer, 2d Supply Battalion, Combat Logistics Regiment 25, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation**: Maj B.T. Ackison, USMC.
**For Appellant**: Maj Jeffrey Stephens, USMCR.
**For Appellee**: CDR Christopher J. Geis, JAGC, USN; LT Ann E. Dingle, JAGC, USN.

**23 October 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A special court-martial, consisting of military judge alone, convicted the appellant, pursuant to his pleas, of one specification of larceny of government property with a value of more than $500.00, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The appellant was sentenced to reduction to pay grade E-1, confinement for 60 days, and a bad-conduct discharge. The military judge recommended that, as

a matter of clemency, the convening authority consider suspending the bad-conduct discharge.  The convening authority approved the adjudged sentence.

## Facts

The appellant was a noncommissioned officer assigned as a property clerk to a supply battalion onboard Camp Lejeune, North Carolina.  On the date in question, the appellant remained late in the supply warehouse completing an on-line military education course.  To permit him after hour's access, the appellant's supervisor gave the appellant a key to the warehouse.  At around 1700 on the date charged, the appellant was ordered to leave the warehouse by the Battalion Supply Officer (BSO).  Both the appellant and the BSO left the warehouse and it was secured by the BSO.  However, after the BSO drove away from the warehouse, the appellant went back inside, placed several items of government property into a footlocker and carried the footlocker to his vehicle.  The BSO watched the appellant reenter and exit the warehouse with the footlocker and confronted the appellant at the appellant's vehicle.  At trial, the appellant pleaded guilty and admitted that he intended to steal the military property.

## Sentence Appropriateness

In his sole assignment of error, the appellant asserts that his sentence was inappropriately severe.  We observe that a court-martial is free to impose any lawful sentence that it determines appropriate. *United States v. Turner,* 34 C.M.R. 215, 217 (C.M.A. 1964).  However, we "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved."  Art. 66(c), UCMJ.  We assess sentence appropriateness through "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).

While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Lacy,* 50 M.J. 286, 288 (C.A.A.F. 1999).

After review of the entire record of trial, we find that the sentence is appropriate for this offender and his offense.

Furthermore, we conclude that granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the convening authority.  *United States v. Healy,* 26 M.J. 394 (C.M.A. 1988).

## Purported Execution of the Punitive Discharge

We note that the Court-Martial Order states, "Subject to the limitations contained in the [UCMJ], the Manual for Courts-Martial, applicable regulations, and this action, the sentence is ordered executed."  Article 71, UCMJ, "does not permit a punitive discharge to be executed until after there is a final judgment, an event which necessitates review by a Court of Criminal Appeals."  *United States v. Tarniewicz*, 70 M.J. 543, 544 (N.M.Ct.Crim.App. 2011).  "[T]o the extent that the convening authority's action purported to execute the bad-conduct discharge, it was a nullity."  *United States v. Bailey*, 68 M.J. 409, 409 (C.A.A.F. 2009) (summary disposition); *see Tarniewicz*, 70 M.J. at 544 n.2.

## Conclusion

The findings and sentence as approved by the convening authority are affirmed.

For the Court


R.H. TROIDL
Clerk of Court