# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

### No. 201700097

———————————

### UNITED STATES OF AMERICA
Appellee

v.

### CARLOS M. VILLALOBOS
Senior Chief Operations Specialist (E-8), U.S. Navy
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Brian Lansing, JAGC, USN.
Convening Authority: Commander, Navy Region, Mid-Atlantic, Norfolk, VA.
Staff Judge Advocate's Recommendation: Commander Irve C. Lemoyne, JAGC, USN.
For Appellant: Captain Daniel R. Douglass, USMC.
For Appellee: Major Kelli A. O'Neil, USMC; Captain Sean M. Monks, USMC.

———————————

Decided 26 January 2018

———————————

Before HUTCHISON, FULTON and SAYEGH, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of three specifications of violating a lawful general order prohibiting sexual harassment and four specifications of assault consummated by a battery in violation of Articles 92 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 928. The

military judge sentenced the appellant to 36 months' confinement, reduction to E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged; however, pursuant to the pretrial agreement (PTA), he disapproved confinement in excess of 15 months, suspended adjudged and automatic reduction below the pay grade of E-4, deferred and then waived automatic forfeitures, and suspended the bad-conduct discharge.

The appellant assigns one error: that he received ineffective assistance of counsel when his civilian defense counsel (CDC) misstated the effect of Article 60, UCMJ, to the CA in a post-trial clemency letter. Specifically, the CDC incorrectly indicated that the CA did not have the authority to grant the appellant's request to suspend all remaining confinement. Additionally, in a footnote, the appellant raises an alternate assignment of error that relies on *United States v. Bannister*, No. 201600056, 2016 CCA LEXIS 686, unpublished op. (N-M. Ct. Crim App. 30 Nov 2016), arguing the staff judge advocate (SJA) committed error by not commenting on the legal deficiency in the CDC's clemency letter. Finally, although the appellant did not raise it as an assignment of error, this court specified the issue of whether the CA had complied with the terms of the PTA requiring him to suspend the adjudged punitive discharge. After carefully considering the pleadings and the record of trial, we find no error materially prejudicial to the substantial rights of the appellant and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant pleaded guilty to sexually harassing three junior female Sailors and assaulting two of them. The sexual harassment and assault of one of the Sailors—Petty Officer KH—began prior to 24 June 2014.

The SJA's recommendation (SJAR) to the CA incorrectly advised the CA, in relevant part, that Article 60, UCMJ, "[d]oes limit your authority to disapprove, commute, or suspend that part of the sentence which includes a punitive discharge or confinement for more than six months."[1] In his clemency submission, submitted via his CDC, the appellant requested restoration to E-6 and suspension of all of his remaining confinement so that he could receive pay to support his family.[2] The CDC's cover letter forwarding the appellant's clemency request revealed a misunderstanding of the amendments to Article 60, UCMJ. The CDC wrote, "[a]s I have explained to OS3 Villalobos, Article 60 has eliminated that clemency ability from your

[1] SJAR of 10 Feb 2017 at 3.

[2] The appellant was beyond his end of active service date when he entered confinement. As a result, he was not entitled to pay or allowances pursuant to paragraph 010402, Volume 7A, DoD 7000.14-R, Financial Management Regulation.

hands – obviously a provision of law I strenuously oppose[.]"[3] After receiving the CDC's letter and the enclosed clemency request from the appellant, the SJA submitted an addendum to his original SJAR that advised the CA that "Article 60 of the Uniform Code of Military Justice does not limit your authority to grant the Defense Counsel's requested clemency."[4] The SJA's addendum did not comment on the CDC's misstatement of law concerning Article 60, UCMJ.

The CA did not approve any clemency when he acted on the appellant's adjudged sentence. However, the CA indicated in his action that he "acted in accordance with the Pre-Trial Agreement" and that "[he] understand[s] that Article 60 of the Uniform Code of Military Justice does not limit [his] authority to grant the Defense Counsel's requested additional clemency . . . ."[5]

## II. DISCUSSION

### A. Post-trial ineffective assistance of counsel

The National Defense Authorization Act for Fiscal Year 2014 (FY14 NDAA), Pub. L. No. 113-66, 127 Stat. 672 (2013), amended Article 60, UCMJ, limiting the CA's ability to reduce sentences in cases involving most offenses committed on or after 24 June 2014. But this reduction in a CA's authority to grant post-trial clemency does not apply if at least one offense for which an accused is found guilty occurred before, or in a date-range that includes a date before, 24 June 2014.[6] Because the appellant in this case was found guilty of some offenses that occurred before 24 June 2014, the amendments to Article 60, UCMJ, did not affect the CA's authority in this case to reduce the appellant's sentence.

The appellant argues that he received ineffective assistance of counsel when his CDC incorrectly conceded that the CA lacked authority to grant the appellant's requested clemency.

"By virtue of Article 27, UCMJ, 10 U.S.C. § 827, as well as the Sixth Amendment of the Constitution, a military accused is guaranteed the effective assistance of counsel." *United States v. Scott,* 24 M.J. 186, 187-88 (C.M.A. 1987) (citations omitted). This guarantee includes the right to effective counsel during the post-trial process. *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997).

---

[3] CDC ltr to the CA dtd 6 Mar 2017 at 2.

[4] Final Addendum to SJAR dtd 16 Mar 2017 at 2.

[5] General Court-Martial Order No. 13-17 dtd 16 Mar 2017 at 6.

[6] 80 Fed. Reg. 35810 (Jun. 22, 2015).

We review claims of ineffective assistance of counsel *de novo. United States v. Akbar*, 74 M.J. 364, 379 (C.A.A.F. 2015). The appellant must clear a high bar to prevail by showing: (1) that his counsel's performance was deficient, and (2) that, but for his counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). In evaluating claims of post-trial ineffective assistance of counsel, we give the appellant the benefit of the doubt and find that "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)).

In this case, we need not decide whether the CDC's performance was deficient, because "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *Strickland*, 466 U.S. at 697) (alteration in original). Here, the appellant fails to make a "colorable showing of possible prejudice." *Wheelus,* 49 M.J. at 289.

The CA clearly indicated in his action a correct understanding of the law—that he was free to exercise his full discretion to grant or deny the appellant's clemency request. The CA chose to deny the appellant's requested clemency. As a result, the appellant is unable to provide "an adequate description of what a properly advised convening authority might have done to structure an alternative form of clemency." *United States v. Capers*, 62 M.J. 268, 270 (C.A.A.F. 2005).

We have also considered the appellant's alternative assignment of error and found it to be without merit. In *Bannister*, we set aside the CA's action after the SJA failed to correct the detailed defense counsel's affirmative misstatement of the CA's clemency authority. *Bannister*, 2016 CCA LEXIS 686, at *9. As a result, the CA was not properly advised of her authority to act on the findings and sentence. *Id.* Unlike *Bannister*, the SJA here correctly advised the CA, in his SJAR addendum, regarding the CA's authority under Article 60, UCMJ, and the CA's action, as noted above, clearly reflects an accurate understanding of that authority.

Based on the facts and pleadings in this case, we are firmly convinced the CDC's erroneous understanding of the law in the appellant's clemency submission, did not prejudice the appellant.

**B. CA's action**

Although not raised by the appellant, we find that the CA's action improperly attempted to "return [the appellant] to the pay grade of E-1,"

after suspending both the adjudged and automatic reduction below E-4 and noting that the suspended reductions "will be remitted without further action[.]"[7] RULE FOR COURTS-MARTIAL (R.C.M.) 1108, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) states, "[r]emission cancels the unexecuted part of a sentence to which it applies." Executing a cancelled part of a sentence is *ultra vires* and thus a nullity. *See United States v. Tarniewicz*, 70 M.J. 543, 544 (N-M. Ct. Crim. App. 2011) (holding that to the extent a CA's action directed execution of a punitive discharge in violation of Article 71, UCMJ, it was *ultra vires* and thus a nullity).

The CA suspended the adjudged and automatic reduction below E-4 pursuant to the PTA. Absent a vacation proceeding in accordance with R.C.M. 1109, the only action the CA could lawfully take was to allow the remission of the suspension of both the adjudged and automatic reduction below E-4 to occur at the conclusion of the period of suspension. "Rather than unnecessarily ordering a new CA's action in this case, we take the existing CA's action and disregard any portion that is not permitted by law." *United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016).

Finally, with regard to whether the CA complied with the terms of the PTA requiring him to suspend the adjudged punitive discharge, upon review of the party's briefs, we find the CA's action does adequately reflect suspension of the adjudged punitive discharge, and thus, the appellant did receive the benefit he was entitled to under the PTA.

### III. CONCLUSION

The findings and sentence as approved by the CA are affirmed. The supplemental court-martial order will reflect that the appellant's suspended adjudged and automatic reduction below the paygrade of E-4, unless sooner vacated, will be remitted following the conclusion of the suspension period.

For the Court



R.H. TROIDL
Clerk of Court

---

[7] General Court-Martial Order No. 13-17 at 4.