# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————————

**No. 201700199**

————————————————

**UNITED STATES OF AMERICA**
Appellee

v.

**MATTHEW C. LOWRY**
Gunnery Sergeant (E-7), U.S. Marine Corps
Appellant

————————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene H. Robinson, Jr., USMC.
Convening Authority: Commanding General, 1st Marine Aircraft Wing, Okinawa, Japan.
Staff Judge Advocate's Recommendation: Major Christopher W. Pehrson, USMC.
For Appellant: Commander C. Eric Roper, JAGC, USN.
For Appellee: Captain Luke Huisenga, USMC; Lieutenant Megan P. Marinos, JAGC, USN.

————————————————

Decided 26 February 2018

————————————————

——

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

————————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————————

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of abusive sexual contact, two specifications of sexual abuse of a child, one specification of rape of a child, and one specification of indecent visual recording in violation of

Articles 120, 120b, and 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 920b, and 920c. The military judge sentenced the appellant to a reprimand, 40 years' confinement, reduction to E-1, and a dishonorable discharge. The convening authority (CA) disapproved the reprimand, but approved the remainder of the sentence as adjudged. Pursuant to a pretrial agreement, the CA suspended confinement in excess of 20 years and deferred and waived automatic forfeitures. As an act of clemency, the CA suspended the adjudged and automatic reductions to the paygrade of E-1 for six months. The CA's language suspending the appellant's adjudged and automatic reductions purports to reduce the appellant to E-1 following the suspension period:

> As an act of clemency, the [appellant] will serve in the pay grade of E-7, thus execution of the adjudged reduction to E-1 is suspended for a period of six months from this action . . . . At the end of the period of suspension, unless sooner vacated, the suspended part of the reduction in pay grade will be automatically remitted and the [appellant] *will be reduced to paygrade E-1*. Reduction in pay grade by operation of law . . . is suspended for six months from the date of this action at which time the suspended portion of the reduction by operation of law will be remitted. During the suspension period, the [appellant] will continue to serve in the pay grade of E-7, unless the suspended adjudged reduction in rank to E-1 is vacated.[1]

We ordered the government to show cause why we should not find that language in the action purporting to enforce the reduction to paygrade E-1 upon successful completion of the period of suspension was *ultra vires* and a legal nullity. The government argued that the CA "commuted the first six-month part of [the appellant's] reduction" when he suspended "only the first six months of the reduction[.]"[2] While acknowledging that there is no "express grant of authority" to "suspend[] just the first six months of an adjudged reduction," the government contends that nothing prohibits CAs from crafting "novel solutions to meet their desired goals."[3] The appellant did not file a reply to the government's response to the show cause order.

"Expiration of the period provided in the action suspending a sentence or part of a sentence *shall remit the suspended portion* unless the suspension is sooner vacated." RULE FOR COURTS-MARTIAL (R.C.M.) 1108(e), MANUAL FOR

---

[1] CA's Action of 21 Jun 2017 at 5 (emphasis added).

[2] Appellee's 9 Jan 2018 Response to Court Order to Show Cause at 4.

[3] *Id.* at 5-6.

COURTS-MARTIAL, UNITED STATES (2016 ed.) (emphasis added). "Remission cancels the unexecuted part of a sentence to which it applies." R.C.M. 1108(a).

The CA suspended the adjudged and automatic reduction. Absent a vacation proceeding in accordance with R.C.M. 1109, the unexecuted part of the appellant's sentence—reduction to paygrade E-1—will be automatically cancelled at the conclusion of the period of suspension. Thus, the CA's attempts to execute a cancelled part of the sentence was *ultra vires* and therefore a nullity. *See United States v. Villalobos,* No. 201700097, 2018 CCA LEXIS 26, at *7, unpublished op. (N-M. Ct. Crim. App. 26 Jan 2018) (per curiam) ("Executing a cancelled part of a sentence is *ultra vires* and thus a nullity.") (citing *United States v. Tarniewicz*, 70 M.J. 543, 544 (N-M. Ct. Crim. App. 2011) (CA's action directing execution of punitive discharge in violation of Article 71, UCMJ, was *ultra vires* and thus a nullity)).

The government argues in the alternative that we should find the language in the CA's action ambiguous and remand for corrective action. "An ambiguous action is one that is capable of being understood in two or more possible senses." *United States v. Loft*, 10 M.J. 266, 268 (C.M.A. 1981) (citation and internal quotation marks omitted). We do not find the CA's action ambiguous. The CA attempted to defer execution of the reduction in grade but was without authority to do so.[4] Therefore, "[r]ather than unnecessarily ordering a new CA's action in this case, we take the existing CA's action and disregard any portion that is not permitted by law." *United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016).

The findings and sentence as approved by the CA are affirmed. The supplemental court-martial order will reflect that the appellant's suspended adjudged and automatic reductions to the paygrade of E-1, unless sooner vacated, will be remitted following the conclusion of the suspension period.

For the Court



R.H. TROIDL
Clerk of Court

---

[4] *See* R.C.M. 1101(c)(1) ("Deferment of a sentence to . . . reduction in grade is a postponement of the running of the sentence."); R.C.M. 1101(c)(6) ("Deferment of a sentence to . . . reduction in grade ends when: (A) The convening authority takes action under R. C. M. 1107 . . .; (B) The . . . reduction in grade [is] suspended[.]").