# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

### No. 201700238

_____

### UNITED STATES OF AMERICA
Appellee

v.

### ALEX J. WERNER
Yeoman Second Class (E-5), U.S. Navy
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Jonathan T. Stephens, JAGC, USN.
Convening Authority: Commander, Navy Region Southwest, San Diego, California.
Staff Judge Advocate's Recommendation: Captain Donald C. King, JAGC, USN.
For Appellant: Major Maryann N. McGuire, USMC.
For Appellee: Brian K. Keller, Esq.

_____

Decided 4 April 2018

_____

Before HUTCHISON, SAYEGH, and HINES, *Appellate Military Judges*

_____

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

PER CURIAM:

The opinion released by the court on 30 March 2018 is hereby withdrawn and the following substituted therefor.

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of rape of a child and four specifications of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b (2012). The

military judge sentenced the appellant to 26 years' confinement, reduction to paygrade E-1, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged. Pursuant to a pretrial agreement, the CA suspended confinement in excess of 17 years, deferred and waived the automatic forfeitures for six months, deferred and suspended the adjudged forfeitures for six months, and suspended all automatic and adjudged reductions to paygrade E-1 for six months.

Although not raised as error, the CA's language suspending the appellant's adjudged reduction and forfeiture of pay purports to reduce the appellant to E-1 and reinstate the adjudged forfeitures following the suspension period:

> [E]xecution of reduction to paygrade E-1 is suspended for a period of six (6) months from this action, at which time, unless sooner vacated, the part of the adjudged reduction that was suspended will be approved.
>
> . . .
>
> [E]xecution of adjudged forfeiture of pay is suspended for a period of six (6) months from the date of this action . . . . At the end of the suspension period, unless sooner vacated, all suspended adjudged forfeitures will be approved as adjudged.[1]

The CA attempted to postpone or defer execution of the reduction in grade and adjudged forfeitures for six months—presumably to coincide with the automatic forfeiture waiver period so that the appellant's dependents would continue to receive pay at the E-5 rate. The CA, unable to defer the reduction or adjudged forfeitures past the date of his CA's action, apparently attempted to do so using a suspension.[2] However, "[e]xpiration of the period provided in the action suspending a sentence or part of a sentence *shall remit the suspended portion* unless the suspension is sooner vacated." R.C.M. 1108(e) (emphasis added). "Remission cancels the unexecuted part of a sentence to which it applies." R.C.M. 1108(a). Therefore, absent a vacation proceeding in

---

[1] CA's Action of 17 Jul 2017 at 3.

[2] *See* RULE FOR COURTS-MARTIAL (R.C.M.) 1101(c)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) ("Deferment of a sentence to . . . forfeitures, or reduction in grade is a postponement of the running of the sentence.").

accordance with R.C.M. 1109, any unexecuted part of the appellant's sentence will be remitted at the conclusion of the period of suspension.[3]

Thus, the CA's attempt to execute a cancelled part of the sentence was *ultra vires* and therefore a nullity. *See United States v. Villalobos,* No. 201700097, 2018 CCA LEXIS 26, at *7, unpublished op. (N-M. Ct. Crim. App. 26 Jan 2018) (per curiam) ("Executing a cancelled part of a sentence is *ultra vires* and thus a nullity.") (citing *United States v. Tarniewicz*, 70 M.J. 543, 544 (N-M. Ct. Crim. App. 2011) (CA's action directing execution of punitive discharge in violation of Article 71, UCMJ, was *ultra vires* and thus a nullity)). *See also United States v. Lowry*, No. 201700199, 2018 CCA LEXIS 84, at *4, unpublished op. (N-M. Ct. Crim. App. 26 Feb 2018) (per curiam). However, "[r]ather than unnecessarily ordering a new CA's action in this case, we take the existing CA's action and disregard any portion that is not permitted by law." *United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016).

The findings and sentence approved by the CA are affirmed. The supplemental court-martial order will reflect that the appellant's suspended adjudged reduction to the paygrade of E-1 and the appellant's adjudged forfeiture of pay, unless sooner vacated, will be remitted following the conclusion of the suspension period.

For the Court

R.H. TROIDL
Clerk of Court

---

[3] *See* R.C.M. 1101(c)(6) ("Deferment of a sentence to . . . forfeitures, or reduction in grade ends when: (A) The convening authority takes action under R.C.M. 1107 . . .; [or] (B) [t]he . . . forfeitures, or reduction in grade [is] suspended[.]").