*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
MONAHAN, STEPHENS, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Devon A. WILLIAMS**
Culinary Specialist Second Class (E-5), U.S. Navy
*Appellant*

**No. 202100015**

_____

Decided: 7 February 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Chad Temple (arraignment)
Ryan J. Stormer (trial)

Sentence adjudged 21 September 2021 by a general court-martial convened at Naval Base San Diego, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 33 years,[1] and a dishonorable discharge.

For Appellant:
*Major Mary Claire Finnen, USMC*

---

[1] The convening authority suspended confinement in excess of 16 years pursuant to a plea agreement.

For Appellee:
*Lieutenant Commander Gabriel K. Bradley, JAGC, USN*
*Lieutenant R. Blake Royall, JAGC, USN*

Judge DEERWESTER delivered the opinion of the Court, in which
Chief Judge MONAHAN and Senior Judge STEPHENS joined.

———————————————

**PUBLISHED OPINION OF THE COURT**

———————————————

DEERWESTER, Judge:

Appellant was convicted, consistent with his pleas, of two specifications of
attempted sexual abuse of a child by indecent exposure and one specification
of attempted sexual abuse of a child involving indecent communication in vio-
lation of Article 80, three specifications of rape of a child in violation of Article
120b, and one specification of viewing child pornography in violation of Article
134, Uniform Code of Military Justice [UCMJ].[2]

Appellant asserts one assignment of error:

> ***Should this Court modify the Entry of Judgment to re-
> flect that Appellant's adjudged and automatic reduc-
> tions in rank were suspended and—by operation of
> law—remitted after suspension?***

We find error requiring corrective action arising from an *ultra vires* provi-
sion of the pretrial agreement, and the subsequent convening authority's ac-
tion taken based on that improper term. We further find the Entry of Judgment
was incorrect in omitting the suspension of the automatic reduction of
paygrade. We take corrective action in our decretal paragraph and issue a re-
vised Entry of Judgment.

## I. BACKGROUND

Appellant pleaded and was found guilty of multiple sexual offenses involv-
ing his stepdaughter, as well as viewing child pornography (not involving his
children) and attempted sexual assault of a fictitious child as part of a law

---

[2] 10 U.S.C. §§ 880, 920b, 934.

enforcement operation. In the pretrial agreement, Appellant and the convening authority agreed to language that provided: "any adjudged or automatic reduction may be approved; however, any adjudged or automatic reduction will be suspended for six (6) months from the date of the convening authority's action, at which time, any adjudged or automatic reduction will take effect."[3] In her action, the convening authority effectuated the term of the agreement as it pertained to adjudged reduction. In the Entry of Judgment, the military judge annotated the convening authority's action upon that aspect of the adjudged sentence. Neither the convening authority's action nor the Entry of Judgment addressed the provision of the agreement that required the suspension of automatic reduction.

## II. DISCUSSION

### A. Incomplete Entry of Judgment

Proper completion of post-trial processing is a question of law that we review de novo.[4] The purpose of an Entry of Judgment is to reflect the result of the court-martial, including the sentence as modified by any post-trial actions, rulings, or orders.[5]

Based on the pretrial agreement, the convening authority was required to suspend the automatic reduction Appellant received, but she did not do so in her action. Similarly, notation of such required action was omitted from the Entry of Judgment. As the Entry of Judgment omitted a bargained-for provision in the pretrial agreement, we conclude that there is an error in the Entry of Judgment, and we resolve this error in favor of Appellant. Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[6] In accordance with R.C.M. 1111(c)(2) (2019), we modify the Entry of Judgment and direct that it be included in the record.

---

[3] Memorandum of Pretrial Agreement (Part II), App. Ex. 6.

[4] *United States v. Kho*, 54 M.J. 63, 64 (C.A.A.F. 2000).

[5] Rule for Courts-Martial [R.C.M.] 1111(a)(2) (2019); *see also* R.C.M. 1111(b)(2) (2019).

[6] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

**B. Suspension of Adjudged Reduction**

The interpretation of a pretrial agreement is a question of law that we review de novo.[7]

"Expiration of the period provided in the action suspending a sentence or part of a sentence *shall remit* the suspended portion unless the suspension is sooner vacated."[8] "Remission *cancels* the unexecuted part of a sentence to which it applies."[9]

As part of a bargained-for pretrial agreement, both parties agreed that any adjudged reduction would be deferred until the convening authority's action, at which time it would be suspended for a period of six months. Any adjudged reduction would then be executed. This provision was discussed during the guilty plea and both parties and the military judge understood the provision would apply to Appellant's sentence. This provision was further annotated in the Entry of Judgment. While the record is unclear as to whether the reduction actually took place, the suspension period has now expired.

Appellant bargained for and acknowledged at his guilty plea this provision in his pretrial agreement. It purported to suspend his reduction for six months from the date of the convening authority's action, at which time the reduction would be executed. He now argues that the execution portion of that provision must be stricken as impossible by definition. Appellant argues that the bargained-for provision cannot stand because any portion of the sentence that is suspended must be remitted at the expiration of the suspension period unless there is a vacation of the suspension following a violation of the conditions on suspension. We agree.

The convening authority was obligated under the terms of the pretrial agreement to suspend the adjudged and automatic reduction. Absent a vacation proceeding in accordance with R.C.M. 1109, the unexecuted part of the appellant's sentence—reduction to pay-grade E-1—is automatically cancelled at the conclusion of the period of suspension by operation of law.

---

[7] *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006).

[8] Rule for Courts-Martial, *Manual for Courts-Martial, United States* (2019 ed.) [R.C.M. (2019)] 1108(e) (emphasis added).

[9] R.C.M. 1108(a) (2019) (emphasis added).

This is not the first time we have dealt with this issue. In *United States v. Lowry*,[10] the appellant's reduction from E-7 to E-1 was suspended for six months from the date of the convening authority's action as an act of clemency. The agreement in that case specified that after the period of suspension, unless sooner vacated, the suspension would end and the appellant would be reduced to paygrade E-1. On appeal, we held that the convening authority's attempt to execute a cancelled part of the sentence was *ultra vires* and therefore a nullity.[11] While acknowledging the Court's analysis of this issue in *Lowry*, the Government attempts to distinguish the facts of that case by arguing that Appellant in this case specifically bargained for this provision in his pretrial agreement. Although this is a compelling argument as to the lack of prejudice suffered by Appellant, it does not address the reality that as a matter of law, once a court-martial punishment is *suspended*, it is remitted at the end of the period of the period of suspension unless sooner vacated.[12] What the parties were apparently attempting to do was to *defer* the adjudged reduction in rank beyond the entry of judgment, an action not authorized by the Rules for Courts-Martial. Simply put, in agreeing to this provision, the convening authority attempted to take an action, albeit in favor of Appellant, that transcended her authority. Regardless of the fact that the Appellant was satisfied with the provision at the time he entered into his agreement and at his guilty plea and sentencing hearing, it is an impermissible term that must be stricken. Therefore, "[r]ather than unnecessarily ordering a new [convening authority's] action in this case, we take the existing [convening authority's] action and disregard any portion that is not permitted by law."[13]

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact as

---

[10] No. 201700199, 2018 CCA LEXIS 84, *2 (N-M. Ct. Crim. App. Feb. 18, 2018) (per curiam) (unpublished).

[11] *See United States v. Villalobos*, No. 201700097, 2018 CCA LEXIS 26, at *7. (N-M. Ct. Crim. App. 26 Jan 2018) (per curiam) (unpublished) ("Executing a cancelled part of a sentence is *ultra vires* and thus a nullity.") (citing *United States v. Tarniewicz*, 70 M.J. 543, 544 (N-M. Ct. Crim. App. 2011) (convening authority's action directing execution of punitive discharge in violation of Article 71, UCMJ, was *ultra vires* and thus a nullity)).

[12] R.C.M. 1108(e) (2016).

[13] *United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016).

contained in the modified Entry of Judgment, and that no error materially prejudicial to Appellant's substantial rights occurred.[14] The modified Entry of Judgment reflects that once the suspension period ended, Appellant's suspended adjudged and automatic reductions to the paygrade of E-1 were remitted.

The findings and sentence as contained in the modified Entry of Judgment are **AFFIRMED**.

Chief Judge MONAHAN and Senior Judge STEPHENS concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[14] Articles 59 & 66, UCMJ.

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | **NMCCA NO. 202100015** |
| **v.** | **ENTRY OF JUDGMENT** |
| **Devon A. WILLIAMS** **Culinary Specialist Second Class** **(E-5)** **U. S. Navy** | |
| *Accused* | *As Modified on Appeal* **7 February 2022** |

On 21 September 2021, the Accused was tried at Naval Base San Diego, California, by a general court-martial, consisting of a military judge sitting alone. Military Judge Ryan J. Stormer presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1:** **Attempted Sexual Abuse of a Child by Indecent Exposure on or about 30 November 2017.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 2:** **Attempted Sexual Abuse of a Child by Indecent Exposure on or about 1 December 2017.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 3:** **Attempted Sexual Abuse of a Child Involving Indecent Communication on divers occasions from on or about 12 August 2017 to on or about 15 February 2018.**

*Plea:* Guilty, by exceptions and substitutions.

*Finding:* Guilty, excepting the words "12 August 2017 and 15 February 2018" and substituting the words "30 November 2017 and 1 December 2017."

**Specification 4:** **Attempted Production of Child Pornography on or about 30 November 2017.**

*Plea:* Not Guilty.

*Finding:* Dismissed.

**Charge II:** **Violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b.**

*Plea:* Not Guilty.

*Finding:* Dismissed.

**Specification 1:** **Sexual Abuse of a Child by Sexual Contact on divers occasions from on or about 1 May 2018 to on or about 30 August 2018.**

*Plea:* Not Guilty.

*Finding:* Dismissed.

**Specification 2:** **Rape of a Child on divers occasions from on or about 1 May 2018 to on or about 31 December 2018.**

*Plea:* Not Guilty.

*Finding:* Dismissed.

**Specification 3:** **Rape of a Child on divers occasions from on or about 1 May 2018 to on or about 31 December 2018.**

*Plea:* Not Guilty.

*Finding:* Dismissed.

**Specification 4:** **Sexual Abuse of a Child by Contact on divers occasions from on or about 1 May 2018 to on or about 31 December 2018.**

*Plea:* Not Guilty.

*Finding:* Dismissed.

**Charge III:** **Violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 1:** **Rape of a Child on divers between 1 January 2019 to 29 May 2019.**

*Plea:* Guilty, by exceptions and substitutions.
*Finding:* Guilty, excepting the words "on divers occasions between 1 January 2019 and 29 May 2019" and substituting the words "on or about March 2019."

**Specification 2:** **Rape of a Child on divers occasions from between 1 May 2018 to 31 December 2018.**

*Plea:* Guilty, by exceptions and substitutions.
*Finding:* Guilty, excepting the words "on divers occasions between 1 January 2019 and 29 May 2019" and substituting the words "on or about March 2019."

**Specification 3:** **Rape of a Child on divers occasions from on or about 1 January 2019 to on or about 29 May 2019.**

*Plea:* Not Guilty.
*Finding:* Dismissed.

**Specification 4:** **Rape of a Child on divers occasions from on or about 1 January 2019 to on or about 29 May 2019.**

*Plea:* Guilty, by exceptions and substitutions.
*Finding:* Guilty, excepting the words "between on or about 1 January 2019 and 29 May 2019" and substituting the words "on or about March 2019."

**Charge IV:** **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification:** **Viewing Child Pornography on divers occasions from on or about 1 May 2018 to on or about 31 December 2018.**

*Plea:* Guilty.
*Finding:* Guilty.

**Charge V:**   **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Specification 1:**   **Viewing Child Pornography on divers occasions from on or about 1 January 2019 to on or about 29 May 2019.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Specification 2:**   **Possessing Child Pornography on or about 29 May 2019.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Additional Charge I:**   **Violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification:**   **Sexual Abuse of a Child on or about February 2019.**

> *Plea:* Guilty.
> *Finding:* Guilty.

## SENTENCE

On 21 September 2021, a military judge sentenced the Accused to the following:

> **Reduction to pay grade E-1.**

> **Confinement for a total of 33 years.**

> **A dishonorable discharge.**

Pursuant to the Pretrial Agreement, the convening authority suspended confinement in excess of 16 years for a period of 12 months, and suspended the adjudged and automatic reduction below pay grade E-5 for a period of 6 months, at which time, unless sooner vacated, the suspended portions will be remitted without further action. Automatic forfeitures are deferred from the date automatic forfeitures would otherwise become effective under Article 58b(a)(1), UCMJ, until the date of the convening authority's action. Automatic forfeitures are then waived for a period of 6 months following the convening authority's action. Total pay and allowances are directed to be paid to T.W., spouse of the Accused, for the benefit of their dependent children.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court